IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JULIO SANDOVAL, G-44696, | ) | |
| Petitioner, | ) | No. C 11-6246 CRB (PR) |
| vs. | ) | ORDER STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE |
| MARTIN BITER, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner incarcerated at Kern Valley State Prison (KVSP), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Santa Clara County Superior Court.

Per order filed on April 12, 2012, the court found that the claims in the petition – (1) insufficient evidence supported the premeditation and deliberation element of his first degree murder conviction; (2) denial of equal protection because an aider and abettor of an assault may be convicted of murder, without any finding of malice, under the natural and probable consequences doctrine; and (3) ineffective assistance of counsel for failing to interview and present a witness – appeared colorable under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted.

Respondent instead moved to dismiss the petition for failure to exhaust state judicial remedies as to all claims because petitioner did not exhaust state judicial remedies as to his claim of ineffective assistance of counsel.

1  Per order filed on September 19, 2012, the court granted the motion and, pursuant to the law of the circuit, asked petitioner whether he wished to (1) withdraw his unexhausted claim and proceed only on his exhausted claims, or (2) dismiss the entire mixed petition and return to federal court with a new petition once all claims are exhausted.  The court also informed petitioner that he may be able to seek a stay of these proceedings "if he can show that there was good cause for his failure to exhaust the unexhausted claim in state court, and that the claim is potentially meritorious."  Sept. 19, 20012 Order at 2 n.1 (citing Rhines v. Webber, 544 U.S. 269, 277 (2005)).

Petitioner has filed a response seeking a stay of proceedings until he can exhaust his claim of ineffective assistance of counsel in the state courts.  He argues that he was not afforded a fair chance to exhaust his claim because he was not afforded access to the prison law library.

Good cause shown, petitioner's request for a stay of the instant mixed federal habeas petition until he can exhaust his claim of ineffective assistance of counsel in the state courts is GRANTED.  See Rhines, 544 U.S. at 277-78.  The clerk is instructed to ADMINISTRATIVELY CLOSE the case.  Nothing further will take place in this matter until petitioner exhausts his claim of ineffective assistance of counsel all the way thru the Supreme Court of California and, within 30 days thereafter, moves to reopen the case and lift the court's stay.

SO ORDERED.

DATED:  Oct. 19, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.11\Sandoval, J.11-6246.stay.wpd