# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SANDOVAL,<br><br>        Plaintiff,<br><br>   v.<br><br>UNKNOWN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:12-cv-01760-SKO PC<br><br>FIRST SCREENING ORDER DENYING MOTION FOR COUNSEL AND DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

I.  **Screening Requirement and Standard**

Plaintiff Julio Sandoval, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 15, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
2  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic*
3  *Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to
4  indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)
5  (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal
6  conclusions are not.  *Iqbal*, 556 U.S. at 678.

7       Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt
8  resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*,
9  627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive
10 screening, which requires sufficient factual detail to allow the Court to reasonably infer that each
11 named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks
12 omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that
13 a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of
14 satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572
15 F.3d at 969.

16 **II.**    **Discussion**

17      **A.**    **Claim for Denial of Access to the Courts**

18      Plaintiff, who is currently incarcerated at Kern Valley State Prison, alleges he is being denied
19 access to the law library, which is hindering his ability to pursue his petition for writ of habeas
20 corpus.  Plaintiff seeks the appointment of counsel to assist him.

21      Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
22 federal rights by persons acting under color of state law.  *Nurre v. Whitehead*, 580 F.3d 1087, 1092
23 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v.*
24 *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate a link
25 between actions or omissions of each named defendant and the violation of his rights; there is no
26 *respondeat superior* liability under section 1983.  *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949;
27 *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*,
28 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934.

1    Plaintiff has a constitutional right of access to the courts and prison officials may not actively
2 interfere with his right to litigate. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011).
3 However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which
4 is actual prejudice with respect to contemplated or existing litigation. *Nevada Dep't of Corr. v.*
5 *Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis v. Casey*, 518 U.S. 343, 348, 116 S.Ct.
6 2174 (1996)) (quotation marks omitted), *cert. denied*, 132 S.Ct. 1823 (2012).

7    Plaintiff's brief complaint identifies no defendants and it sets forth only a conclusory
8 assertion of inadequate law library access, which is insufficient to state a claim under section 1983.
9 Therefore, the Court finds that Plaintiff fails to state a claim for relief, but it will provide Plaintiff
10 with the opportunity to amend.

11   **B.    Motion for Counsel**

12   The only relief Plaintiff seeks in his complaint is the appointment of counsel. Plaintiff does
13 not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560
14 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court
15 may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do
16 so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789
17 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the
18 likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light
19 of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation
20 marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be
21 viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d
22 at 1331.

23   Here, the Court does not find the required exceptional circumstances. Even assuming
24 Plaintiff is not well versed in the law and that he has made serious allegations which, if proved,
25 would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost
26 daily. Further, at this early stage in the proceedings, the Court cannot make a determination that
27 Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court
28 does not find that Plaintiff cannot adequately articulate his claims. *Id.*

1       In as much as Plaintiff seeks the appointment of counsel to assist him with his underlying
2  habeas petition, his recourse is to seek the appointment of counsel in that case; Plaintiff's motion for
3  counsel in this case is denied.

4  **III.    Conclusion and Order**

5       Plaintiff's complaint fails to state a claim upon which relief may be granted under section
6  1983.  The Court is required to provide Plaintiff with the opportunity to file an amended complaint.
7  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th
8  Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  However, Plaintiff may not
9  change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George*
10 *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

11      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983,
12 it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional
13 rights and liability may not be imposed on supervisory personnel under the theory of mere
14 *respondeat superior*.  *Iqbal*, 556 U.S. at 676-77; *Snow*, 681 F.3d at 989; *Starr v. Baca*, 652 F.3d
15 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the
16 "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."
17 *Twombly*, 550 U.S. at 555 (citations omitted).

18      Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*,
19 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference
20 to the prior or superceded pleading," Local Rule 220.

21      Accordingly, it is HEREBY ORDERED that:
22      1.   Plaintiff's motion for the appointment of counsel is denied;
23      2.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim
24           under section 1983;
25      3.   The Clerk's Office shall send Plaintiff a civil rights complaint form;
26      4.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
27           amended complaint; and
28 ///

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   April 8, 2013                         /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE