# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SANDOVAL, | CASE NO. 1:12-cv-01760-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DENYING MOTION FOR COUNSEL AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| UNKNOWN, et al., | (Doc. 15) |
| Defendants. | |
| | ORDER THAT DISMISSAL IS SUBJECT TO THREE STRIKES PROVISION UNDER 28 U.S.C. § 1915(G) |
| _____/ | |

### Second Screening Order

**I.      Screening Requirement and Standard**

Plaintiff Julio Sandoval, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 15, 2012. On April 9, 2013, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on April 26, 2013.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Discussion**

    **A.     Claim for Denial of Access to the Courts**

Plaintiff, who is currently incarcerated at Kern Valley State Prison, alleges that he was denied access to the law library at High Desert State Prison, California State Prison-Corcoran, and Kern Valley State Prison, which interfered with his ability to pursue his appeal. Plaintiff alleges that he filed his disorganized motion with the bare minimum help. It also appears that Plaintiff had a pending deadline. Plaintiff again seeks the appointment of counsel to assist him.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate a link

between actions or omissions of each named defendant and the violation of his rights; there is no *respondeat superior* liability under section 1983. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934.

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation. *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis v. Casey*, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted), *cert. denied*, 132 S.Ct. 1823 (2012).

Plaintiff's amended complaint suffers from the same deficiencies as his original complaint. Plaintiff fails to identify any specific prison officials who allegedly denied him access to the courts; conclusory assertions of inadequate law library access are insufficient to support a claim under section 1983.[1] Plaintiff's amended complaint also fails to demonstrate that he suffered an actual injury as a result of prison officials' actions or omissions. That Plaintiff was not allowed to physically access the law library does not support a claim nor does the allegation that he had only minimal assistance filing his motion. Accordingly, the Court finds that Plaintiff fails to state a claim for relief for denial of access to the courts.

### B.   Motion for Counsel

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970;

---

[1] Plaintiff identifies High Desert State Prison, California State Prison-Corcoran, and Kern Valley State Prison Warden Biter as defendants. High Desert State Prison and California State Prison-Corcoran are not proper parties, as they have Eleventh Amendment immunity from suit. *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). With respect to Warden Biter, there are no allegations linking him to any actions or omissions concerning the events at issue, *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012), and as previously stated, he may not be held liable for the actions of subordinates based on a mere theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; *Simmons*, 609 F.3d at 1020-21; *Ewing*, 588 F.3d at 1235.

*Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

Here, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law, his case is not exceptional. The Court is faced with similar cases almost daily. Plaintiff's allegations do not support a claim for relief under section 1983, which precludes a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.* Plaintiff's motion for counsel in this case is therefore denied.

### III. Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with notice of the deficiencies in his claim and an opportunity to amend, but he was unable to cure the deficiencies and further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for the appointment of counsel is DENIED and this action is DISMISSED, with prejudice, for failure to state a claim under section 1983. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva*, 658 F.3d at 1098-99.

IT IS SO ORDERED.

**Dated:   June 4, 2013**                   /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE